**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 25-1226**

———————————

ELENA GARCIA-CHILEL,

        Petitioner,

   v.

TODD BLANCHE, Acting Attorney General,

        Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted:  April 13, 2026                         Decided:  July 10, 2026

———————————

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

———————————

Petition granted; order vacated and remanded by unpublished per curiam opinion.  Judge Wilkinson wrote a dissenting opinion.

———————————

**ON BRIEF:**  Mark J. Devine, Charleston, South Carolina, for Petitioner.  Yaakov M. Roth, Acting Assistant Attorney General, Corey L. Farrell, Shahrzad Baghai, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elena Garcia-Chilel, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge ("IJ")'s decision denying her motions to dismiss or continue the immigration proceedings and ordering her removed. When, as here, the Board has "supplemented an IJ's decision, we review both decisions." *Diaz v. Blanche*, 173 F.4th 499, 505 (4th Cir. 2026) (quoting *Kouyate v. Garland*, 122 F.4th 132, 139 (4th Cir. 2024)). We grant the petition for review and remand for further proceedings.

First, there is no dispute that the initial notice to appear served on Garcia-Chilel lacked a date and time for the hearing. While that error did not divest the immigration court of "adjudicatory authority," *United States v. Cortez*, 930 F.3d 350, 355 (4th Cir. 2019), Board precedent established that the error needed to be remedied where, as here, it was timely raised, *Matter of Fernandes*, 28 I. & N. Dec. 605, 613 (BIA 2022). We leave to the agency to analyze in the first instance what the appropriate remedy ought to be in this case. *See id.* at 616; *Matter of R-T-P-*, 28 I. & N. Dec. 828, 831 (BIA 2024) (setting forth "essential criteria for a proper remedy" when a notice to appear "is missing time and place information").

Second, the Board and IJ erred in their analysis of whether to grant a continuance based on Garcia-Chilel's intention to seek collateral relief in the form of a U visa. "An IJ may grant a continuance of deportation proceedings for 'good cause shown.' We review a denial of a motion for a continuance for an abuse of discretion. The [Board] or an IJ abuse their discretion if, *inter alia*, they deny the motion without a rational explanation or

2

inexplicably depart from established policies." *Cabrera v. Garland*, 21 F.4th 878, 882 (4th Cir. 2022) (quoting 8 C.F.R. § 1003.29) (cleaned up).

In analyzing a motion for a continuance, the agency is required to consider two "primary factors": "(1) the likelihood that the [noncitizen] will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Id.* at 883. Even if those factors favor the movant, however, they may sometimes be outweighed by "germane secondary factors." *Id.* (quoting *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 415 (A.G. 2018)).

In this case, the IJ and Board failed to analyze the primary factors, relying instead only on secondary or irrelevant factors. The IJ stated that the immigration court had no jurisdiction over the U visa application, which is irrelevant. *Id.* at 884. And the IJ stated that, because Garcia-Chilel had not yet filed the U visa application, the relief was speculative. But the IJ's limited analysis speaks only to the secondary factor of diligence, not to the primary factor of likelihood of success. *Compare Gonzalez v. Garland*, 16 F.4th 131, 145 (4th Cir. 2021) (denial of continuance permissible where relief was too speculative in the sense of relying on "numerous contingencies" that may never come to pass), *and Matter of L-A-B-R-*, 27 I. & N. Dec. at 414 (noting that the Board has "long held that continuances should not be granted when a respondent's collateral pursuits are merely speculative," such as when the claim for collateral relief is "'frivolous or unfounded'" (quoting *Matter of M-*, 5 I. & N Dec. 622, 624 (BIA 1954))), *with id.* at 415 (holding that a noncitizen's "diligence in pursuing collateral relief in advance of the noticed hearing date" is a secondary factor (cleaned up)).

3

By the time the Board was reviewing the matter, Garcia-Chilel had filed the U visa application. Nevertheless, the Board found her application for collateral relief to be too speculative to support a continuance because the U visa application had not yet been adjudicated. But that is the wrong question: pending collateral relief is *always* speculative in that sense. The agency nevertheless bears the obligation, when considering whether to grant a continuance, to analyze "(1) the likelihood that the [noncitizen] will receive the collateral relief, and (2) whether the relief will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. at 413; *see also Cabrera*, 21 F.4th at 883–84 (holding that the Board abused its discretion where it "did not state that it believed the secondary factors outweighed the primary ones—it simply failed to make findings as to the primary factors at all").

Accordingly, we grant the petition for review. We dispense with oral argument because the facts and legal questions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION GRANTED;*
*ORDER VACATED AND REMANDED*

4

WILKINSON, Circuit Judge, dissenting:

I would deny the petition. The BIA and IJ did creditable work here, and I would not have them do it over. Petitioner was represented by counsel below. What has emerged from those proceedings is at best a procedural tangle which obscures any reason for a continuance and provides no non-speculative basis for ultimate relief. Where is all this going? That being the question, the chief purpose of a remand would appear to be one of delay. I would respectfully uphold the rulings of the IJ and the Board, and deny the petition for review.

5